O’CONNELL, Justice
(dissenting).
The only question before this court in this case is whether a claimant who suffers from a compensable hernia, which he justifiably refuses to have repaired surgically, is entitled to compensation benefits under Section 440.15(3) (u), which relates to unscheduled injuries, or is restricted to the limited benefits provided in Section 440.15 (6), which subsection deals specifically with hernias.
As explained in the majority opinion, the deputy commissioner determined that the claimant was entitled to recover under the section dealing with unscheduled injuries. The Full Commission, one member dissenting, reversed the deputy on the ground that the legislature in its wisdom had explicitly provided the basis for compensating claimants suffering compensable hernias and specifically provided that if a claimant justifiably refuses radical treatment by surgery he is limited to compensation not to exceed thirty weeks. The order of the Full Commission remands the cause to the deputy for the purpose of giving the claimant the opportunity of accepting surgery, and directing that if the claimant refuse surgery, the deputy enter an order awarding thirty weeks compensation.
I think the order of the Full Commission is correct and that the petition for certio-rari ought to be denied.
In Section 440.15(6) (f), the legislature specifically treated the compensation of a hernia just as it did the so-called scheduled injuries in Section 440.15(3) (a) through (t). A claimant who justifiably refuses surgical repair is specifically limited to thirty weeks of compensation, just as one who loses a leg is limited to 220 weeks compensation.
As I read this provision, it is a determination by the legislature that a hernia, unre- *750 paired 'because of the refusal with cause of the claimant, is considered to have diminished his wage earning capacity in an amount equal to thirty weeks compensation, and it matters not whether, in actuality, the loss of such capacity might he greater or lesser. This is a legislative determination that not only makes unnecessary, but also precludes any consideration of the actual loss of wage earning capacity.
The fact that the claimant lost a testicle is unfortunate, but not important to this case since it is not shown to have affected his wage earning capacity.
Nor is it significant that four operations have been performed without complete success. The significant point is that the medical testimony given by Dr. Harold Milton Ungee was to the effect that:
“Since the mechanical part of the hernia could be repaired surgically, if the patient decided on a voluntary basis and emotionally he wanted to have it done, I think.he could get a good result. Whether it would relieve his pain or not would have to be determined after the surgery. It would be a gamble in that sense * * * ”
Therefore, this is not a case in which the facts show that the hernia is not surgically repairable. If it were reasonably impossible for medical science to remedy the hernia, then it might be that resort would have to be had to Section 440.15(3) (u).
Further, this is not a case in which it can be said that the 25% disability of the body as a whole, which the deputy found the claimant to have sustained, is the collateral result of any disease or condition of the body caused by the hernia, its repair, or infection, etc., of it. The order of the deputy seems clear that whatever disability the claimant has is attributable to the hernia.
There is some suggestion that the claimant suffers pain from the area repaired, which the medical testimony indicated might or might not be removed by repair of the present hernia. If the hernia be repaired and the pain still exists in such degree as to affect the earning capacity of the claimant, he might well be entitled to compensation therefor.
It should also be pointed out here that the order of the deputy which the majority opinion reinstates is deficient in that it makes no finding as to the extent of loss of wage earning capacity suffered by claimant, but rather seems to base the award on a finding of functional disability of the body as a whole. We have held several times that functional disability is not necessarily equal to loss of wage earning capacity. Yet the deputy appears to have based his award on this theory rather than on a loss of wage earning capacity in the same or any other employment.
For the reasons above expressed, I respectfully dissent from the majority opinion granting the writ of certiorari.
THORNAL, J., concurs.